Electronically Filed
11/8/2019 11:57 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

CAUSE NO.: C-4783-19-F

| | | |
|---|---|---|
| MARIA HERNANDEZ | § | IN THE _____ JUDICIAL DISTRICT |
| | § | |
| VS. | § | COURT OF |
| | § | |
| SPROUTS FARMERS MARKET TEXAS, LP | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES MARIA HERNANDEZ, hereinafter referred to as Plaintiff, and files this, her Original Petition against SPROUTS FARMERS MARKET TEXAS, LP, hereinafter referred to as Defendant, and for cause of action will show the Court the following:

### DISCOVERY CONTROL PLAN - BY RULE (LEVEL 3)

1. Plaintiff intends to conduct discovery under Level 3 as provided by Rule 190 of the Texas Rules of Civil Procedure.

### CLAIM FOR RELIEF

2. Plaintiff is seeking monetary relief from Defendant in an amount that is more than $100,000.00, but less than $200,000.00 as compensation for her damages.

### PARTIES

3. Plaintiff Maria Hernandez is an individual who resides in Mission, Hidalgo County, Texas.

4. Defendant Sprouts Farmers Market Texas, LP is a Texas limited partnership that may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.



Electronically Filed
11/8/2019 11:57 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-4783-19-F

## VENUE AND JURISDICTION

5. The incident described hereinbelow or events giving rise to Plaintiff's claim against Defendant arose in McAllen, Hidalgo County, Texas. Venue for this cause of action therefore lies in Hidalgo County, Texas.

6. The damages that Plaintiff is seeking from Defendant are within the jurisdictional limits of the Court. This Court therefore has jurisdiction of this cause of action.

## FACTS

7. On February 2, 2019, at approximately 6:30 p.m., Plaintiff was shopping at Defendant's Sprouts Farmers Market store located at 5800 N. 10th Street in McAllen Hidalgo County, Texas. While Plaintiff was walking in the area of the store where nuts, seeds, and other foods are stored in bins or barrels, she slipped, fell to the floor, and suffered injuries and damages. Cashews were on the floor, and they caused Plaintiff to slip and fall. Defendant allowed its customers to get food from the barrels, place the food in plastic bags, and carry them to the check-out area of the store. As a result of Defendant carrying out this business practice, the cashews came to exist on the floor. In this regard, the Defendant created the dangerous condition on its store premises that caused Plaintiff to slip, fall, and suffer injuries and damages. Knowledge of the dangerous condition is therefore imputed on Defendant under Texas Premises Liability Law.

## CAUSE OF ACTION BASED ON
## PREMISES LIABILITY LAW AND PROXIMATE CAUSE

8. At all time material to the incident described hereinabove and this case, Defendant was negligent under premises liability law in that: A. Plaintiff was a business invitee, B. Defendant owned, possessed, and/or controlled the premises where the incident described hereinabove occurred, C. A condition on the premises, the cashews on the floor, as described in the preceding paragraph, posed an unreasonable risk of harm, D. Defendant knew or

2

Electronically Filed
11/8/2019 11:57 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-4783-19-F

reasonably should have known of the danger posed by the condition, and E. Defendant breached its duty of ordinary care by both failing to adequately warn Plaintiff of the condition and failing to make the condition reasonably safe. This negligence by Defendant was the sole proximate cause or a proximate cause of the incident described hereinabove and of the injuries and damages suffered by Plaintiff, as set out hereinbelow.

## DAMAGES

9. As a proximate cause of the negligence of Defendant in causing the incident described hereinabove, Plaintiff suffered injuries, suffered physical pain and mental anguish in the past, will suffer physical pain and mental anguish in the future, suffered physical impairment in the past, will suffer physical impairment in the future, suffered physical disfigurement in the past, will suffer physical disfigurement in the future, lost wages in the past, will suffer a loss of earning capacity in the future, incurred medical expenses in the past, and will incur medical expenses in the future. Plaintiff is seeking monetary relief from Defendant in an amount that is more than $100,000.00, but less than $200,000.00, as compensation for her damages.

## VICARIOUS LIABILITY

10. At all time material to the incident described hereinabove and this case, Defendant's employees acted within the course, scope, and authority of their employment and/or agency relationship with Defendant. Defendant should therefore be held vicariously liable to Plaintiff for all of Plaintiff's damages alleged herein.

## PREJUDGMENT AND POSTJUDGMENT INTEREST

11. Plaintiff further sues Defendant herein for prejudgment interest at the maximum rate allowed by law on those damages where such interest may be assessed and for postjudgment interest at the maximum rate allowed by law on all of Plaintiff's damages from the date of judgment until the judgment is paid in full.

Electronically Filed
11/8/2019 11:57 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-4783-19-F

## REQUEST FOR JURY AND JURY FEE

12. Plaintiff requests that the above-styled and numbered cause be tried to a jury and represents to the Court that the proper jury fee has been paid to the Clerk of this Court with the filing of Plaintiff's Original Petition.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final hearing, she has judgment against Defendant for all of her damages hereinabove alleged, for prejudgment and postjudgment interest, and for any and all other relief, both general and special, in law and in equity, and for all costs of Court in her behalf expended.

Respectfully Submitted,

THE CISNEROS LAW FIRM, L.L.P.
312 Lindberg
McAllen, Texas 78501
Telephone No. (956) 682-1883
Fax No. (956) 682-0132

_____
MICHAEL J. CISNEROS
State Bar No. 00793509
ARTURO CISNEROS
State Bar No. 00789224
Attorneys for Plaintiff

4

CAUSE NO. C-4783-19-F

| | | |
|---|---|---|
| MARIA HERNANDEZ | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | 332ND JUDICIAL DISTRICT |
| VS. | § | |
| | § | |
| SPROUTS FARMERS MARKET TEXAS, | § | |
| LP | § | HIDALGO COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

SPROUTS FARMERS MARKET TEXAS, LP ("Defendant") files this Original Answer to the Plaintiff's Petition and would show the Court the following:

I.

The Defendant asserts a general denial and requests the Court to require the Plaintiff to prove her allegations by a preponderance of the evidence as is required by the constitution, statutes, laws and Rules of Civil Procedure of the State of Texas.

II.

Pleading further, Defendant would show that the incident in question was proximately caused by the negligence of Maria Hernandez as it does not appear that Ms. Hernandez was watching where she was stepping at the time of the incident in question. Defendant, therefore, pleads contributory negligence, comparative responsibility or sole responsibility on Ms. Hernandez's part as an affirmative defense to this matter.

III.

Pleading further, pursuant to Texas Civil Practice & Remedies Code Section 41.0105, Ms. Hernandez should be limited as far as medical bills are concerned [in the unlikely event of any recovery in this case by Ms. Hernandez] to the amounts of her medical bills that were

actually "paid or incurred" per this statute. The amounts of Ms. Hernandez's medical bills that were written off or adjusted down by her healthcare providers (or that could not be collected by the providers per the Medicare/Medicaid statute) should not be collected by Ms. Hernandez per this statute [again, in the unlikely event of any recovery in this case by Ms. Hernandez].

## JURY DEMAND

Defendant requests a trial by jury and pays the appropriate fee.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by this suit, and that Defendant be awarded all costs of Court, as well as such other and further relief, both general and special, at law, or in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

/S/ William H. Luck, Jr.

By: _____

William H. Luck, Jr.
TB# 12666450
1412B Stonehollow Dr.
Houston, Texas 77339
(281) 358-7611
(281) 358-0299 (Fax)
Bill.Luck@sbcglobal.net

ATTORNEY FOR SPROUTS
FARMERS MARKET TEXAS, LP

## CERTIFICATE OF SERVICE

Pursuant to Rule 21a of the Texas Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument has been served (by the method indicated below) on this the 25th day of November 2019 to the following:

Mr. Michael J. Cisneros  **By Eserve**
312 Lindberg
McAllen, Texas 78501

/S/ William H. Luck, Jr.
_____
William H. Luck, Jr.